UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR RAY JONES,<br><br>       Petitioner,<br><br>   vs.<br><br>D.K. SISTO,<br><br>       Respondent.<br>_____/ | 1:08-cv-01714-DLB  (HC)<br><br>ORDER DENYING MOTION FOR<br>APPOINTMENT OF COUNSEL<br><br>(DOCUMENT #23) |

On September 23, 2009, Petitioner has requested the appointment of counsel. Although the motion is signed by Petitioner, it was prepared by attorney, Ann Hopkins, "who represented petitioner in his state court appeal and agreed to assist petitioner with his Pro Se pleadings pro bono." (Motion, at 2.) Counsel indicates that "Petitioner has no legal training or experience, cannot read or write, and does not believe he can competently represent himself before this Court." (Id.) Counsel is unable to represent petitioner without compensation. Petitioner requests the appointment of counsel to respond to the answer filed by Respondents.

There currently exists no absolute right to appointment of counsel in habeas proceedings. See e.g., Anderson v. Heinze, 258 F.2d 479, 481 (9th Cir.), cert. denied, 358 U.S. 889 (1958); Mitchell v. Wyrick, 727 F.2d 773 (8th Cir.), cert. denied, 469 U.S. 823 (1984). However, Title 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See

Rule 8(c), Rules Governing Section 2254 Cases. The interest of justice requires appointment of counsel when an evidentiary hearing is conducted or when the assistance of counsel is "necessary for effective discovery. Rule 6(a), Rules Governing Section 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time. Accordingly, IT IS HEREBY ORDERED that petitioner's request for appointment of counsel is denied.

The Court finds that "the interests of justice" do not require appointment of counsel in this instance. Petitioner has made no showing that he has not adequately presented his claims to the Court as set forth in his petition. Although Petitioner has not filed a traverse, the Advisory Notes to Rule 5 indicate that a traverse is not required and is merely optional. See Rule 5(e), Rules Governing Section 2254 Cases. In addition, Petitioner fails to demonstrate how the filing of a traverse would further advance his claims for relief. Accordingly, on this record, due process and the interests of justice do not require the appointment of counsel, and Petitioner's request is DENIED.

IT IS SO ORDERED.

Dated:    **October 2, 2009**                        /s/ **Dennis L. Beck**
                                                                   UNITED STATES MAGISTRATE JUDGE